IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL J. HARDING, | ) | Case No. 4:10CV1854 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | **REPORT & RECOMMENDATION** |
| SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Samuel J. Harding, filed the complaint in the above-referenced action on August 20, 2010 (Doc. No. 1). On January 19, 2011, the Court issued its first Order to Show Cause upon Plaintiff to explain why the Court should not recommend dismissal of the case for failure to timely file its Brief on the Merits (Order 1/19/11, Doc. 22). Subsequently, the Court learned Plaintiff's counsel was not registered with the Court's electronic filing system and, therefore, had not received notice of Defendant's answer or the filing of the transcript. Accordingly, the Court ordered Defendant to forthrightly mail a copy of its answer and the transcript to Plaintiff and ordered Plaintiff to file its Brief On The Merits within forty-five (45) days of receipt of such documents (Doc. 24). On March 23, 2011, Defendant filed a Notice of Service (Doc. 25), indicating that it mailed the appropriate documents to Plaintiff on February 2, 2011. Plaintiff has neither filed his brief, which was due no later than March 21, 2011, nor requested an extension of time to file such.

Thus, Plaintiff's brief is overdue.

On May 4, 2011, the Court issued a second Order requiring Plaintiff to show cause, on or before May 13, 2011, why the Court should not recommend dismissal of the instant case for Plaintiff's failure to timely file his brief by the extended deadline of March 21, 2011. (Order 5/4/11, Doc. 26.)

May 13, 2011, has now past.  Moreover, Plaintiff has failed to submit his Brief On The Merits or show cause why the Court should not recommend dismissal of the instant case.

A federal trial court may dismiss a case *sua sponte* for a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with an order of the court.  FED. R. CIV. P. 41(b)*; Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-31 (1962)*; Consol. Coal Co. v. Gooding,* 703 F.2d 230, 232 (6th Cir. 1983).  The authority of district courts to dismiss *sua sponte* for lack of prosecution is  "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31.

Here, Plaintiff has failed to prosecute his case and has failed to comply with the Court's Order.  Plaintiff's brief is now a month overdue.  Plaintiff has neither moved for an extension of time, nor shown good cause for his tardiness.  Therefore, Plaintiff's complaint should be dismissed. *See Graham v. Astrue*, No. 5:10-cv-1999, 2011 WL 255437 (N.D. Ohio Jan. 24, 2011) (dismissing the plaintiff's case for failure to prosecute where the court ordered plaintiff to file a Brief On The Merits or show cause why the case should not be dismissed, and the plaintiff failed to do so in the allotted time frame).

Accordingly, the undersigned recommends that Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice.

      */s Kenneth S. McHargh*
KENNETH S. MCHARGH
U.S. MAGISTRATE JUDGE

Date: May 18, 2011.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn,* 474 U.S. 140 (1985); *U.S. v. Walters,* 638 F.2d 947 (6th Cir. 1981).